# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS OKAIJA THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHICAGO STATE UNIVERSITY, *et al.*, ) <br> ) <br> Defendants. | No. 04 C 6568 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss and to strike portions of the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, we grant the motion to dismiss in its entirety and deny the motion to strike without prejudice.

## BACKGROUND

Plaintiff Nicholas Okaija Thompson ("Thompson") alleges that he was employed by Defendant Chicago State University ("CSU") and that in a letter dated April 30, 2003, Defendant Slyvus Moore ("Moore") informed Thompson on behalf of CSU that his employment was terminated. According to Thompson, the letter indicated that his employment was terminated for violating Section 11.B4 of the

CSU Board of Trustee Regulations that provides that an employee may be terminated if he or she constitutes a threat of bodily harm or a threat of harm to property or might impede operations. Thompson alleges that the reason given for the termination was false and that Moore terminated Thompson's employment because of his age and national origin. Thompson alleges that he is of African national origin and that at the time of his termination he was 58 years old. (Compl. 3-4). Thompson also alleges that he has been unable to secure new full-time employment due to the alleged false reason given for his termination at CSU. Thompson, proceeding *pro se*, brought the instant action and includes in his complaint a claim alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and a claim alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*

## LEGAL STANDARD

In a ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pled facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulations*, 300 F.3d 750, 752 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a

complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standards in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action'." *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994) (stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later.") The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical*

*Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946. A court is required to liberally construe pleadings filed by a *pro se* party. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

I. ADEA Claims

Defendants move to dismiss the ADEA claims. Defendants first argue that the allegations of age discrimination were not included within the charge that Thompson filed with the Equal Employment Opportunity Commission ("EEOC"). Generally, a plaintiff may not bring a claim in a court action that was not included in his EEOC charge. *Kersting v. Wal-Mart, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). This rule, which prevents the introduction of new discrimination claims in the court action, provides "an opportunity for the EEOC to settle the dispute between the employee and employer and put[s] the employer on notice of the charges against it." *Harper v. Godfrey Co.*, 45 F.3d 143, 147 (7th Cir. 1995). A plaintiff can only pursue a claim that is not specifically included in an EEOC charge if the "allegations fall within the scope of the charges contained in the EEOC complaint." *Kersting*, 250 F.3d at 1118. A claim falls within the scope of the EEOC charge if the claim is "like or reasonably related to" the allegations included in the EEOC charge, and whether the new claim "reasonably can be expected to grow out of" an investigation of the EEOC charges. *Harper*, 45 F.3d 147 (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). In making such a determination, the plaintiff is required "at minimum" to show that the new claim and the EEOC charge "describe the same conduct and implicate the same individuals." *Kersting*, 250 F.3d at 1118 (quoting *Cheek v.*

*Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)).

In the instant action, Thompson states in his answer to the motion to dismiss that he "admits that age discrimination [sic] was not included in the EEOC notice of Charge of Discrimination. . . ." (Ans. 1). Thompson does not provide any argument in his answer as to how his age discrimination claim falls within the scope of his EEOC claim of discrimination based upon national origin. Thompson merely states that he made an oral complaint to the EEOC about age discrimination. However, Thompson signed the EEOC charge attached to his complaint that does not contain an allegation of age discrimination and Thompson has not shown that he ever requested that the charge be amended to include the age discrimination allegations. Thompson's complaint includes separate allegations of misconduct in regards to the alleged age discrimination and the alleged national origin discrimination. The claims are thus factually distinct. Also, it was not reasonably expected that the age discrimination claim could arise out of an investigation into the allegations regarding national origin discrimination. The age discrimination is not reasonably related to Thompson's EEOC charge, and he therefore cannot pursue the age discrimination claim in this court.

In addition, the ADEA claims must be dismissed for another reason as well. The Eleventh Amendment "precludes a citizen from suing a state for money damages in federal court without the state's consent . . . ." *Wynn v. Southward,* 251

F.3d 588, 592 (7th Cir. 2001); *see also Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir. 1987)(finding that Purdue University was protected by sovereign immunity and stating that, although each university is evaluated individually, it would be an "unusual" circumstance when a state university was not protected by the sovereign immunity). *see also Miraki v. Chicago State University*, 259 F.Supp.2d 727, 730 (N.D. Ill. 2003)(finding that CSU was part of the state that is protected by the 11th Amendment); 30 ILCS 5/1-7 (defining "State agencies" as including universities). CSU is a state agency that is protected by the Eleventh Amendment. Thompson argues that Eleventh Amendment protection does not extend to entities like CSU, and Thompson cites decisions from other circuits which are not controlling precedent and which are not on point.

Based on all of the above analysis, we grant Defendants' motion to dismiss the ADEA claim against CSU. The sovereign immunity bar would also apply to the ADEA claims against Defendants Elnora Daniel ("Daniel") and Moore in their official capacities. *See Kashani*, 813 F.2d at 848 (stating that Eleventh Amendment bar that applied to claim against the university applied to "the damages claims against its officials in their official capacities"). Therefore, we grant Defendants' motion to dismiss all ADEA claims.

II. Title VII Claims Against Daniel and Moore

Defendants argue that Title VII claims against Daniel and Moore must be dismissed because individuals are not proper parties in Title VII cases. Individuals do not fall within Title VII's definition of employer. *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995)(upholding dismissal of individual defendants because, since individuals do not meet the definition of employer, the plaintiff "can state no set of facts which would enable her to recover under the statute.") The Seventh Circuit has upheld dismissal of individual defendants in similar suits against CSU. *Bryson v. Chicago State University,* 96 F.3d 912, 917 (7th Cir. 1996)(noting that the district court correctly dismissed a defendant in his individual capacity early in the proceedings in a suit alleging Title VII violations). Therefore, we grant Defendants' motion to dismiss the Title VII claims brought against Daniel and Moore.

### III. Motion to Strike

Defendants move to strike Thompson's request in the complaint for $2,000,000 in damages. Defendants argue that the statutory maximum that Thompson can recover is $300,000. This motion is premature and is denied without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss in its entirety and deny Defendants' motion to strike without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 17, 2005