IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICHOLAS OKAIJA THOMPSON, )
)
          Plaintiff, )
)
v. ) No. 04 C 6568
)
CHICAGO STATE UNIVERSITY, *et al.*, )
)
          Defendants.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago State University's ("CSU) motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Nicholas Okaija Thompson ("Thompson") alleges that he was employed by CSU and that Defendant Elnora Daniel ("Daniel") was the President of CSU while Thompson was employed there. Thompson claims that in a letter dated April 30, 2003, Defendant Slyvus Moore ("Moore"), the Vice President for Administrative and External Affairs for CSU, informed Thompson on behalf of CSU

1

that Thompson's employment was terminated. According to Thompson, the letter indicated that his employment was terminated for violating Section 11.B4 of the CSU Board of Trustee Regulations, which provides that an employee may be terminated if he or she constitutes a threat of bodily harm, a threat of harm to property, or an impediment to operations. Thompson alleges that the reason given for his termination was false and that Moore terminated Thompson's employment because of Thompson's age and national origin. Thompson alleges that he is of African national origin and that at the time of his termination he was 58 years old. (Compl. 3-4). Thompson also alleges that he has been unable to secure new full-time employment due to the alleged false reason given for his termination by CSU. Thompson, proceeding *pro se*, brought the instant action and includes in his complaint a claim alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and a claim alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In this action, we have previously granted CSU's motion to dismiss all the ADEA claims and granted CSU's motion to dismiss the Title VII claims brought against Defendants Daniel and Moore. CSU moves for summary judgment on the remaining Title VII claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Lack of Response to CSU's Motion and Local Rule 56.1

On May 17, 2005, the court set a briefing schedule for dispositive motions in the instant action. The court provided that any dispositive motions had to be filed by September 16, 2005, and that all answers to dispositive motions had to be filed by September 30, 2005. In accordance with the court's schedule, CSU filed the instant motion for summary judgment on September 16, 2005. The deadline for the filing of an answer to the motion has passed and Thompson has not filed any answer to CSU's motion for summary judgment. Thompson thus has not contested any of CSU's arguments, despite being given the opportunity to do so. The record also reflects that Thompson was provided with the necessary notice of summary judgment motions required pursuant to Local Rule 56.2, for motions that are brought against *pro se* individuals.

4

Thompson has also failed to file any responsive brief to CSU's statement of material facts. If a non-movant fails to dispute a fact in an opponent's statement of material facts, the fact is deemed to be undisputed by the non-movant. Local Rule 56.1; *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions"); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that the Seventh Circuit has held "that a district court is entitled to expect strict compliance with Rule 56.1" and that "[s]ubstantial compliance is not strict compliance"). A *pro se* individual is not excused from compliance with Local Rule 56.1. *See, e.g., Greer v. Bd. of Educ. of the City of Chicago, Illinois*, 267 F.3d 723, 727 (7th Cir. 2001); *Banks v. Archer/American Wire*, 2005 WL 2007227, at *1 (N.D. Ill. 2005). Therefore, pursuant to Local Rule 56.1, all the facts in CSU's statement of facts are deemed to be undisputed.

II. Title VII Claim

CSU moves for summary judgment on the Title VII claim. In order for a plaintiff to defeat a defendant's motion for summary judgment on a Title VII

discrimination claim, the plaintiff can proceed under either the direct method of proof or the indirect method of proof. *Rudin v. Lincoln Land Community College*, 420 F.3d 712, 720-21 (7th Cir. 2005). Under the direct method of proof, the plaintiff must establish a discriminatory motivation through direct or circumstantial evidence. *Id.* Direct evidence in such a context would be evidence that "can be interpreted as an acknowledgment of discriminatory intent by the defendant or its agents." *Id.*; *see also Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005)(stating that "[t]o prove discrimination via direct evidence 'essentially requires an admission by the decision-maker that his actions were based on the prohibited animus [and that][i]t should not be surprising that in today's politically correct workplace environment such admissions are rarely, if ever, made or encountered'"); *Rozskowiak v. Village of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005)(stating that "[d]irect evidence 'essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus'")(quoting *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir.2003)).

A plaintiff can present circumstantial evidence under the direct method of proof, but such evidence must be sufficient to create "a triable issue of whether the adverse employment action of which [the plaintiff] complains had a discriminatory motivation." *Rudin*, 420 F.3d at 721. The Seventh Circuit has indicated that

6

circumstantial evidence can create a triable issue only if there is a "'convincing mosaic' of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker." *Rhodes v. Illinois Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004).

Under the indirect method of proof, a plaintiff must establish a *prima facie* case of discrimination by showing that: "(1) he belongs to a protected class; (2) his performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated others not in his protected class received more favorable treatment." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). If the plaintiff establishes a *prima facie* case, the defendant must provide a "legitimate and non-discriminatory reason for the employment action." *Id.* If the employer does so, the burden shifts back to the plaintiff to show that "the proffered reasons are a pretext for discrimination." *Id.*

In the instant action, since Thompson has not filed an answer to the instant motion, he also has not pointed to any evidence of a discriminatory motivation. A review of the evidence and facts admitted pursuant to Local Rule 56.1 reveals that there is not sufficient evidence of a discriminatory motivation that would enable Thompson to prevail under the direct method of proof and Thompson will thus need to proceed under the indirect method of proof. CSU does not contest that Thompson

7

is a member of a protected class or that he suffered an adverse employment action. Neither does CSU argue for the purposes of the instant motion that Thompson's performance was not meeting CSU's legitimate expectations. CSU argues that Thompson has not met the similarly situated employee and pretext requirements.

A. Similarly Situated Employees

CSU argues that Thompson has failed to point to a similarly situated employee outside the protected class that was treated more favorably. A similarly situated employee is an employee that is "directly comparable to [the plaintiff] in all material respects." *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531-32 (7th Cir. 2003)(stating that "[t]o evaluate whether two employees are directly comparable, we consider all of the relevant factors, 'which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications--provided the employer considered the latter factors in making the personnel decision'"). In the instant action, Thompson has not pointed to evidence of any similarly situated employee that was treated more favorably and has thus failed to satisfy that element of the *prima facie* case. *See Rozskowiak*, 415 F.3d at 614 (affirming district court's

granting of defendant's motion for summary judgment because the plaintiff "did not establish a *prima facie* case of discrimination, as he failed to produce any evidence that similarly-situated employees who were not of [the same] descent were treated more favorably").

B. Pretext

Even if Thompson could establish a *prima facie* case, he has not pointed to sufficient evidence showing that the reason given by CSU for his termination was a pretext for unlawful discrimination. In order to show that a reason given by an employer is a pretext under the indirect method of proof, the plaintiff must show "more than [that] the decision was 'mistaken, ill considered or foolish,'" and that the given reason is a "dishonest explanation, a lie rather than an oddity or an error." *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). In the instant action, CSU claims that it terminated Thompson's employment because he violated the CSU Board of Trustees Regulations. (SF 41). There is not sufficient evidence in the instant action indicating that the given reason was a pretext for unlawful discrimination. The only allegation of unlawful discrimination is Thompson's contention that he was told by someone that he was being fired because of his national origin. Thompson admits, pursuant to Local Rule 56.1, that he has refused

to disclose that individual's name. (SF 36). Thompson also admits, pursuant to Local Rule 56.1, that he does not know if the individual took part in the decision to terminate Thompson and that he does not know how the undisclosed individual knew about the alleged unlawful discrimination. (SF 37). Such an alleged statement by an undisclosed individual, without any foundation to support the statement, is entirely inadequate to satisfy the pretext requirement. In fact, Thompson agrees pursuant to Local Rule 56.1 that it is undisputed that "President Daniel did not terminate [Thompson's] employment because of his national origin or any factor prohibited by law." (SF 42). Therefore, Thompson has failed to point to sufficient evidence to meet the pretext requirement. Based on the above, we grant CSU's motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we grant CSU's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 16, 2005